**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| GREGORY FRENCH<br>2041 Lynn Cove Lane<br>Virginia Beach, Virginia 23464,<br><br>      Plaintiff,<br><br>      v.<br><br>ORGSOL LLC<br>Registered Agent: The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Gregory French, by counsel Anna P. Ernest of the law firm Ernest Law Group, PLC, brings this action against his former employer Defendant ORGSOL LLC. For approximately two and a half years, Plaintiff served as the Chief Financial Officer for Defendant and, pursuant to his employment contract, should have received a salary of $10,000.00 per month. However, for the entirety of his tenure, Defendant never once compensated Plaintiff for the work he performed, which often exceeded forty hours per week. Accordingly, Plaintiff files this Complaint against Defendant for failing to pay Plaintiff wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, failing to pay Plaintiff minimum wages as required by the FLSA, failing to pay Plaintiff overtime as required by the FLSA, and for violations of the Virginia Minimum Wage Act ("VWMA") and breach of contract under Virginia state law.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

2. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's VMWA, breach of contract and misrepresentation claims under Virginia state law are part of the same case and controversy, share all common operative facts with his federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

3. This Court has personal jurisdiction over Defendant because it performed the acts and omissions complained of within this District.

4. Pursuant to 28 U.S.C. § 1391(b) and Local Rule 3(c), venue is proper in the Eastern District of Virginia, Norfolk Division because Plaintiff resides in this District and Division; Defendant employed Plaintiff in this District and Division; and the unlawful employment practices and breach of contract alleged herein which give rise to Plaintiff's claims occurred in this District and Division.

## THE PARTIES

5. Plaintiff is an adult male resident of the City of Virginia Beach in the Commonwealth of Virginia.

6. Upon information and belief, Defendant ORGSOL LLC is a Delaware limited liability company doing business in the Commonwealth of Virginia.

7. Upon information and belief, Defendant ORGSOL LLC is a holding company for various businesses including OASIS Group International LLC, which is headquartered in Warrenton, Virginia.

**FACTS**

8. Defendant ORGSOL LLC was originally set-up to be an international consulting company focused on training "good governance" techniques and practices to East African nations such as Somalia, Somaliland and Djibouti. Defendant has evolved to be a holding company for many operating companies such as OASIS Group International and OASIS Aviation Group. It is also a part owner through a subsidiary, USAerospace, of WOW airline which is currently in the midst of a relaunch.

9. Defendant at all times relevant herein was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce as defined by the FLSA.

10. Upon information and belief, Defendant's gross annual sales made or business done has been $500,000.00 or greater per year at all relevant times.

11. From March 20, 2017 through September 20, 2019, Plaintiff was employed by Defendant with the job title of Chief Financial Officer.

12. On June 29, 2017, Plaintiff entered into an Employment Agreement with Defendant. Exhibit ("Ex.") 1 (Letter of Intent/Offer of Employment).

13. Pursuant to the Employment Agreement, Plaintiff was to be compensated as follows:

> In consideration of special services to be provided by Employee[1] to ORGSOL and OASIS operating companies, the Company shall pay to Employee an amount of $120,000 by ORGSOL LLC, payable on a monthly basis, offer an equity stake in

---

[1] As defined in the first paragraph of the Employment Agreement (Ex. 1), "Employee" is the Plaintiff Gregory French. Ex. 1 at 1.

> ORSOL LLC at the participation level of fifteen (15%), vested at 5.0% annually over a three (3) year vesting period.

Ex. 1 at 1.

14. The Employment Agreement also states:

> Salary in arrears for the months of April, May and June 2017 will be paid to employee when one of the following occurs: the U.S. bank credit facility is arranged and operating for ORGSOL or an OASIS operating company; or a U.S. State Department contract for Somalia operations is awarded and "Upfront Payments" made; or the Kenya corruption case is settled and funds are provided to ORGSOL or OASIS Group International; or other funding mechanism is completed and funds made available to ORGSOL or one of its OASIS operating companies.

Ex. 1 at 2.

15. After the Employment Agreement was signed, the "Kenya corruption case" cited in Paragraph 14 was settled and funds have been provided to Defendant.

16. The Employment Agreement further states that Defendant shall reimburse Plaintiff for job-related expenses incurred under the Employment Agreement. Ex. 1 at 1.

17. During his tenure under the Employment Agreement, Plaintiff incurred expenses related to work travel for which Defendant has not reimbursed him.

18. From March 20, 2017 through September 20, 2019, Plaintiff performed work for Defendant.

19. Throughout his tenure, Plaintiff regularly worked in excess of forty hours in a workweek.

20. Defendant has failed to compensate Plaintiff for the work he performed and job-related expenses he incurred.

21. Plaintiff on multiple occasions corresponded with Defendant, individually and through counsel, in an effort to receive the compensation to which he is entitled by law and by the Employment Agreement. Defendant has failed to compensate Plaintiff.

## COUNT I – UNPAID WAGES IN VIOLATION OF THE FLSA

22. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

23. Plaintiff does not qualify as an employee employed in a bona fide executive capacity under the FLSA (29 U.S.C. § 216(a)(1)) because Defendant did not compensate Plaintiff on a salary basis of at least $684.00 per week (29 C.F.R. Part 541). Indeed, Defendant did not compensate Plaintiff at all.

24. Because Plaintiff does not qualify for the bona fide executive capacity exemption, he is non-exempt under the FLSA, and the FLSA applied to Plaintiff's employment with Defendant at all times relevant herein.

25. Defendant is an "enterprise" as defined by the FLSA and is engaged in commerce within the meaning of the FLSA.

26. Defendant willfully, intentionally, and with reckless disregard failed to pay Plaintiff for all his hours worked, in violation of the FLSA.

27. By reason of the foregoing, Plaintiff has been damaged, and is entitled to recover unpaid wages at his regular rate based on the Employment Agreement, including interest and liquidated damages thereon, as well as attorneys' fees and costs.

## COUNT II – FAILURE TO PAY FEDERAL MINIMUM WAGE IN VIOLATION OF THE FLSA

28. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

29. Plaintiff does not qualify as an employee employed in a bona fide executive capacity under the FLSA (29 U.S.C. § 216(a)(1)) because Defendant did not compensate Plaintiff on a salary basis of at least $684.00 per week (29 C.F.R. Part 541). Indeed, Defendant did not compensate Plaintiff at all.

30. Because Plaintiff does not qualify for the bona fide executive capacity exemption, he is non-exempt under the FLSA, and the FLSA applied to Plaintiff's employment with Defendant at all times relevant herein.

31. Defendant is an "enterprise" as defined by the FLSA and is engaged in commerce within the meaning of the FLSA.

32. The FLSA mandates that employers pay all employees engaged in commerce or in the production of goods for commerce, minimum wages for their work in an amount set by federal law (29 U.S.C. § 206(a)(1)(C)). During the relevant time period the federal minimum wage was $7.25.

33. Defendant willfully, intentionally, and with reckless disregard failed to pay Plaintiff the minimum wage for all his hours worked, in violation of the FLSA.

34. By reason of the foregoing, Plaintiff has been damaged, and is entitled to recover unpaid minimum wages, including interest and liquidated damages thereon, as well as attorneys' fees and costs.

**COUNT III – UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA**

35. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

36. Plaintiff does not qualify as an employee employed in a bona fide executive capacity under the FLSA (29 U.S.C. § 216(a)(1)) because Defendant did not compensate Plaintiff

on a salary basis of at least $684.00 per week (29 C.F.R. Part 541). Indeed, Defendant did not compensate Plaintiff at all.

37. Because Plaintiff does not qualify for the bona fide executive capacity exemption, he is non-exempt under the FLSA, and the FLSA applied to Plaintiff's employment with Defendant at all times relevant herein.

38. Defendant is an "enterprise" as defined by the FLSA and is engaged in commerce within the meaning of the FLSA.

39. Defendant willfully required Plaintiff to work in excess of 40 hours in a workweek and/or suffered or permitted such overtime work.

40. The FLSA mandates that employers pay all employees engaged in commerce or in the production of goods for commerce one and one-half times their regular rate of pay for all hours worked in excess of 40 in each work week (29 U.S.C. § 207(a)(1)).

41. Defendant willfully, intentionally, and with reckless disregard failed to pay Plaintiff for all hours he was required or suffered or permitted to work in excess of 40 in each work week, in violation of the FLSA.

42. By reason of the foregoing, Plaintiff has been damaged, and is entitled to recover unpaid overtime wages at an amount equal to one and one-half times his regular rate based on the Employment Agreement, including interest and liquidated damages thereon, as well as attorneys' fees and costs.

### COUNT IV – VIOLATION OF VIRGINIA MINIMUM WAGE ACT
**(State Law Claim)**

43. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

44. Defendants failed to pay Plaintiff the federally mandated minimum wage, in violation of Va. Code § 40.1-28.10.

45. By reason of the foregoing, Plaintiff has been damaged, and is entitled to recover unpaid minimum wages, including interest and attorneys' fees and costs.

### COUNT V – BREACH OF CONTRACT
### (State Law Claim)

46. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

47. The Employment Agreement between Defendant and Plaintiff is a legally enforceable contract establishing the compensation Defendant owes to Plaintiff for work performed.

48. Plaintiff agreed to, and did, perform work for Defendant.

49. When Defendant failed to pay Plaintiff for his hours worked, it materially breached the contract between Defendant and Plaintiff.

50. Further, the Employment Agreement establishes that Defendant owes to Plaintiff reimbursement for job-related expenses.

51. Plaintiff agreed to, and did, incur reimbursable travel expenses while performing work for Defendant.

52. When Defendant failed to reimburse Plaintiff for his reimbursable job-related expenses, it materially breached the contract between Defendant and Plaintiff.

53. Plaintiff has been and continues to be damaged by Defendant's breach of its legal obligations under the Employment Agreement.

54. By reason of the foregoing, Plaintiff is due damages for Defendant's breach of contract, including unpaid wages, unreimbursed job-related expenses, costs and interest.

## COUNT VI – MISREPRESENTATION/CONTRUCTIVE FRAUD
### (State Law Claim)

55. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

56. The representations Defendant made about paying Plaintiff were both false and made with the intent to mislead Plaintiff.

57. Plaintiff reasonably relied on said representations.

58. In reliance on said representations, Plaintiff took action to his detriment, including incurring un-reimbursed business expenses and expending considerable time for Plaintiff's benefit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Wages pursuant to the Employment Agreement or in the alternative at least at the level of the minimum wage, in an amount to be determined at trial;

B. Liquidated damages in an amount equal to the amount awarded in unpaid wages, in an amount to be determined at trial;

C. Overtime pay for hours worked over 40 in a workweek, in an amount to be determined at trial;

D. Liquidated damages in an amount equal to the amount awarded in unpaid overtime wages, in an amount to be determined at trial;

E. Unreimbursed job-related expenses pursuant to the Employment Agreement, in an amount to be determined at trial;

F. Attorneys' fees and costs in this matter, including those recoverable under 29 U.S.C. § 216 and Va. Code § 40.1-28.12;

      G.      Pre- and post-judgment interest at the highest applicable legal or statutory rate; and

      H.      Such other further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues raised herein and so triable.

Date:                                              Respectfully Submitted

/s/ Anna P. Ernest
Stephanie Bryant Holland (Va. Bar No. 86284)
ERNEST LAW GROUP, PLC
505 South Independence Boulevard, Suite 103
Virginia Beach, Virginia 23452
Phone: (757) 289-2499
Fax: (757) 277-0265
aernest@ernestlawgroup.net

*Attorney for Plaintiff*